# Philip Z. Kimball PLLC

81 Lawrence Street, Unit 6H
Brooklyn, NY 11201
Phone: 646-801-8363
Fax: 212-358-2517
Email: pzkimball@pzklaw.com
Webpage: www.pzklaw.com

December 23, 15

The Honorable Gabriel Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>VIA US MAIL</u>

RE:   PHOENIX ENTERTAINMENT PARTNERS, LLC v. SING SING BELL INC., et. al.

Case No.  15 CV 03517

Dear Judge Gorenstein:

      Consistent with your honor's Individual Practices, Plaintiff Phoenix Entertainment Partners, LLC ("PEP") respectfully submits this letter as it wishes to move purusant Federal Rule of Civil Procedure 4(d)(2), for an order requiring 6 Saint Marks, Inc., West LA, Inc., 54 East Entertainment, Inc., Sing Sing Bell Inc., M & S Music Studio, Inc., SingSing Media Inc., OK Soon Lee, AE Sook Choi, Sun Chul Lim, and Jin E. An (collectively "Defendants") to reimburse expenses associated with serving these defendants, including reasonable attorneys' fees after Plaintiff's request for a waiver of service by these defendants was ignored.

      In May 2015, PEP provided the Defendants with a notice containing (1) the name and the court where this Complaint was filed; (2) a copy of the complaint; (3) two copies of a waiver form; (4) a prepaid means for returning the form; (5) language informing the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service; and (6) identification of the date when the request was sent (the "Notice").

      The Notices were sent by Federal Express and were delivered to the Defendants as detailed in the chart below.  All of the above Defendants failed to return the waiver forms provided to them.

      In fact, PEP made several attempts to reach the Defendants, and communicated directly with their Counsel's office regarding this lawsuit and the waiver forms provided, to no avail.

After giving the Defendants a reasonable time of more than 30 days after the request was sent to return the waiver, PEP served the summons and Complaint to each Defendant as reflected in the chart below.

| Defendant | Date Waiver Sent | Date Waiver Received | Date of Service |
|---|---|---|---|
| 6 Saint Marks, Inc. | 5/15/2015 | 5/20/2015 | 8/28/2015 |
| Sun Chul Lim | 5/15/2015 | 5/19/2015 | 8/25/2015 |
| AE Sook Choi | 5/15/2015 | 5/19/2015 | 8/21/2015 |
| West LA, Inc. | 5/15/2015 | 5/19/2015 | 8/28/2015 |
| OK Soon Lee | 5/15/2015 | 5/19/2015 | 8/24/2015 |
| 54 East Entertainment, Inc. | 5/15/2015 | 5/19/2015 | 8/28/2015 |
| Sing Sing Bell, Inc. | 5/22/2015 | 5/27/2015 | 8/28/2015 |
| Jin E. An | 5/15/2015 | 5/20/2015 | 8/25/2015 |
| SingSing Media, Inc. | 5/15/2015 | 5/19/2015 | 8/28/2015 |
| M&S Music Studio, Inc. | 5/22/2015 | 5/28/2015 | 8/28/2015 |

When a defendant fails to waive service within 30 days after receiving the items described herein, Rule 4(d)(2) dictates that a court "must impose on the defendant: A) the expenses later incurred in making service, and B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." See also, e.g., Morales v. Si Diamond Tech., Inc., 43 Fed. R. Serv. 3d 1200 (S.D.N.Y. 1999).

Accordingly, Defendants should be ordered to reimburse PEP for service of process expenses incurred in the amount of $1,325.00, see Exhibit A, and $900.00 in attorneys' fees related to the filing of this motion. See Exhibit B, invoices for costs and attorney declarations.

Plaintiff has limited the enclosures to comply with your honor's inidividual practices page limit of 10, but has further matierials available to support its claim, including receipts from Federal Express and copies of the documents included in the mailings to the Defendants.

Sincerely,

Philip Z. Kimball
Principal – Philip Z. Kimball PLLC


Cc:     Tae Song, Michelle Park (via Email)
        *Attorneys for Defendants*

Enclosures